UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACQUELINE T. FLOYD,

     Plaintiff,

v.                                                              Case No. 3:25-cv-873-MMH-SJH

SOFI TECHNOLOGIES, INC.,

     Defendant.

_____

**O R D E R**

     **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Proceeding <u>pro</u> <u>se</u>, Plaintiff,

Jacqueline T. Floyd, initiated this action on August 11, 2025, by filing her

Complaint (Doc. 1). In the Complaint, Floyd brings claims against Defendant,

SoFi Technologies, Inc. (SoFi), asserting rights to relief under the Americans

with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964 (Title VII),

and the Family and Medical Leave Act (FMLA). <u>See</u> Complaint ¶ 1.

     Upon review of the Complaint, the Court finds it to be deficient and, as

such, it is due to be stricken. In the analysis that follows, the Court will discuss

the problems with the Complaint and will provide Floyd with the opportunity

to file a corrected complaint consistent with the Federal Rules of Civil

Procedure (Rule(s)).[1] Floyd should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing a corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.[2]

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[3] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

[2] The Court also notes that Floyd's Complaint violates Local Rule 1.08, which sets forth requirements related to typeface, font size, and spacing. Floyd should ensure that her future filings satisfy the typography requirements set forth in Local Rule 1.08.

[3] In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

grounds on which it rests." <u>Evans v. McClain of Ga., Inc.</u>, 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rule 10 requires that, in a complaint, a plaintiff "state [her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).[4] And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" <u>Id.</u> Rules 8 and 10 work together "to require the pleader to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

---

[4] While Floyd does number the paragraphs in her Complaint, she restarts the numbering at the start of each count, making it more difficult to follow the Complaint and refer to particular factual allegations. <u>See generally</u> Complaint.

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[5] Relevant here is the type of improper pleading that occurs when the plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23; see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) requires that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count … ." Fed. R. Civ. P. 10(b); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and

---

[5] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Floyd's Complaint falls within this category of shotgun pleading for several reasons. First, Floyd captions Count II a claim for "Disability Discrimination" under the ADA, see Complaint at 4, but she includes in that count an allegation that would seem to relate to a claim for interference under the FMLA, not to a claim for ADA disability discrimination. See id. at 5 (alleging that SoFi's actions were "motivated by [Floyd's] manager's desire to eliminate the administrative burden of [her] intermittent FMLA use"). As such, it appears that Floyd is raising an FMLA interference claim and a disability discrimination claim in the same count, in violation of Rule 10(b). Second, in Count III, Floyd brings claims for retaliation under both Title VII and the ADA. See id. But retaliation claims under Title VII and the ADA are distinct legal claims that require the plaintiff to establish different facts. When Floyd drafts her corrected complaint, she should avoid combining multiple claims into a single count—whether by including factual allegations that appear to introduce multiple claims (as she does in Count II) or by combining multiple claims directly (as she does in Count III). Last, in paragraph 13 of her background section, Floyd alludes to a hostile work environment, see id. at 2, but she does not appear to bring a hostile work environment claim, see generally id. Because

hostile work environment, discrimination, and retaliation claims are each "founded on a separate transaction or occurrence" and require the plaintiff to establish different facts, to the extent Floyd seeks to raise a hostile work environment claim under Title VII or the ADA, each such claim should be stated in a separately identified count. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation). Similarly, if Floyd does not intend to bring a claim for hostile work environment, she should clarify that intention by removing the language that refers to such a claim. See Complaint at 2.

In the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants,

exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). In light of the foregoing, the Court will strike Floyd's Complaint and direct her to file a corrected complaint. <u>See</u> <u>Holbrook v. Castle Key Ins. Co.</u>, 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority <u>sua</u> <u>sponte</u> to require the plaintiff to file a more definite statement.").

Prior to filing her corrected complaint, the Court encourages Floyd to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, <u>pro</u> <u>se</u> litigants may meet with a lawyer for free to ask general

questions about procedures governing cases in federal court. Floyd may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[6]

Accordingly, it is

**ORDERED:**

1.     Jacqueline T. Floyd's Complaint (Doc. 1) is **STRICKEN**.

2.     Floyd shall file her corrected complaint consistent with the directives of this Order on or before **September 15, 2025**.[7] Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, on August 25th, 2025.

MARCIA MORALES HOWARD
United States District Judge

---

[6] In preparing the corrected complaint and any future filings, the Court recommends that Floyd visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Floyd does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

[7] The filing of the corrected complaint does not affect any right Floyd may have to amend as a matter of course under Rule 15(a)(1).

lc33


Copies to:
Pro Se Party
Counsel of Record